UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ASHLEY NEWBURY,

                **Plaintiff,**

    -*against*-                            Case No. 1:17-cv-00754-WKS
                                        VERIFIED ANSWER
                                             to the
                                         AMENDED COMPLAINT

**CITY OF NIAGARA FALLS**
**(NIAGARA FALLS POLICE DEPARTMENT),**

                **Defendant.**
_____

       Defendant, CITY OF NIAGARA FALLS, by its attorney Craig H. Johnson, Corporation Counsel of the City of Niagara Falls, NY (Christopher M. Mazur, Deputy Corporation Counsel), respectfully submits the following as its Verified Answer to the Plaintiff's complaint, alleges as follows:

       1.     Denies the allegations contained in paragraphs of the Plaintiff's Complaint designated 9, 12, 36, 38, 43, 44, 49, 50, 51, 52, 53, 56, 57, 58 and 59.

       2.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraphs of the Plaintiff's Complaint designated 6, 13, 14, 15, 16, 17, 18, 19, 20, 22, 23, 24, 25, 26, 27, 28, 30, 31, 34, 39, 41, 48 and 55.

       3.     Admits the allegations contained in paragraphs 2, 3, 4, 7, 8 and 45 of Plaintiff's Complaint.

       4.     Admits, denies and denies knowledge and information sufficient to form a belief as to paragraph 47 of the Plaintiff's Complaint and the same manner as each paragraph 1 – 46 is set forth and answered here and above.

       5.     Admits, denies and denies knowledge and information sufficient to form a belief as to paragraph 54 of the Plaintiff's Complaint and the same manner as each paragraph 1- 53 is set forth and answered here and above.

       6.     Admits so much of paragraph 1 of the Plaintiff's Complaint as alleges that the Plaintiff has filed proceeding for declarative relief and damages pursuant to State and Federal law; the remaining statements in paragraph 1 of the Complaint do not constitute factual averments for

which a response is required. To the extent, however, that such statements are deemed to constitute factual averments, they are denied.

7. Admits so much of paragraph 5 of the Plaintiff's Complaint as alleges that the Plaintiff filed a complaint with the Equal Employment Opportunity Commission on or about January 30, 2017 and was notified of her right to sue by notice dated June 19, 2017; denies knowledge and information sufficient to form a belief as to each and every other allegation contained in paragraph 5.

8. Admits so much of paragraph 10 of the Plaintiff's Complaint as alleges that the Plaintiff was the only female member of her recruit class and that some of the instructors and students at the police academy were not employees of the City of Niagara Falls; the remaining statements in paragraph 10 of the Plaintiff's complaint do not constitute factual averments for which a response is required. To the extent, however, that such statements are deemed to constitute factual averments, they are denied.

9. Admits so much of paragraph 11 of the Plaintiff's Complaint as alleges that Plaintiff was told that she could not engage in any outside employment during probation; denies each and every other allegation contained in paragraph 11.

10. Denies so much of paragraph 21 of the Plaintiff's Complaint as alleges or infers that the Plaintiff was constantly criticized and laughed at; denies knowledge and information sufficient to form a belief as to each and every other allegation contained in paragraph 21.

11. Denies so much of paragraph 29 of the Plaintiff's Complaint as alleges or infers that the Plaintiff was allegedly harassed on or about March 9, 2016; denies knowledge and information sufficient to form a belief as to each and every other allegation contained in paragraph 29.

12. Admits so much of paragraph 32 of the Plaintiff's Complaint as alleges that the Plaintiff was given her performance reports on or about March 31, 2016 and that the Plaintiff was required to sign for them upon receipt. The Defendant also admits that the performance reports which the Plaintiff received were unfavorable; the Defendant denies that the information contained in said reports was "horrifying".

13. Denies so much of paragraph 33 of the Plaintiff's Complaint as alleges that the Plaintiff was set up for failure; denies knowledge and information sufficient to form a belief as to each and every other allegation contained in paragraph 33.

14. Denies so much of paragraph 35 of the Plaintiff's Complaint as alleges that the Plaintiff was "trigger guard" with her service weapon; rather, Plaintiff's finger was on the trigger of said weapon, which could of led to an unintended discharge of her weapon. The Defendant admits the remainder of paragraph 35 as Deputy Graves forceful action was a result of the Plaintiff's apparent disregard of safe and proper firearm procedures and the serious safety concerns

created by the Plaintiff's actions.

15. Denies so much of paragraph 37 of the Plaintiff's Complaint as alleges that the Defendant engaged in an attempt to injure the Plaintiff so that she was unable to take her final defensive tactics exam on May 5, 2016; denies knowledge and information sufficient to form a belief as to each and every other allegation contained in paragraph 37.

16. Admits so much of paragraph 40 of the Plaintiff's Complaint as alleges that the Plaintiff took 1 minute and 36 seconds to complete an obstacle course; denies the remainder of paragraph 40 as alleges that the Plaintiff completed said obstacle course in 1 minute and 26 seconds.

17. Admits so much of paragraph 42 of the Plaintiff's Complaint as alleges that the Plaintiff was summoned to Police Superintendent E. Bryan DalPorto on May 19, 2016 and that during this meeting the Superintendent discussed Plaintiff's struggles at the Police Academy; denies each and every other allegation contained in paragraph 42.

18. Admits so much of paragraph 46 as alleges that the Plaintiff was informed that she was dismissed from the Policy Academy on or about May 26, 2016 and that the Plaintiff scored a 95 on her mid-term academy notebook (which was only one facet of her was training); denies that the Plaintiff succeeded in every facet of Police Academy training and every other allegation contained in paragraph 46.

## AS A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE, THE DEFENDANT ALLEGES:

19. That the Plaintiff has failed to state one or more valid causes of action upon which relief can be granted.

## AS A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE, THE DEFENDANT ALLEGES:

20. That Plaintiff fails to state a cause of action for discrimination, retaliation or hostile work environment under Civil Rights Act of 1964, as amended, the New York State Human Rights Law (Executive Law, Article 15) or any applicable State or Federal anti-discrimination statute.

## AS A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE, THE DEFENDANT ALLEGES:

21. That all actions taken by the Defendant towards the Plaintiff have been for legitimate, nondiscriminatory and/or non pretextual reasons.

**AS A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE,
THE DEFENDANT ALLEGES:**

22.     That the Defendant does not encourage, approve or condone and nor by its conduct did it encourage, approve or condone, any acts of discrimination or retaliation, if any occurred, or any actions which may cause or contribute to a hostile work environment.

**AS A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE,
THE DEFENDANT ALLEGES:**

23.     That all actions taken by the Defendant towards the Plaintiff were taken in good faith and without malice.

**AS A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE,
THE DEFENDANT ALLEGES:**

24.     That the Plaintiff fails to establish a prima facie case of discrimination since the Plaintiff's employment performance was a significant factor in the actions of the Defendant.

**AS A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE,
THE DEFENDANT ALLEGES:**

25.     That the Plaintiff fails to establish a prima facie case of retaliation within the definition of applicable State or Federal anti-discrimination statutory/case law.

**AS AN EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE,
THE DEFENDANT ALLEGES:**

26.     That the Defendant's treatment of the Plaintiff was not based on retaliation as there was no prior discrimination complaint; rather Defendant's treatment of the Plaintiff was due to bonafide employment performance reasons.

**AS A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE,
THE DEFENDANT ALLEGES:**

27.     That the Plaintiff has failed to establish a prima facie case of hostile work environment within the definition of applicable State or Federal anti-discrimination statutory/case law.

**AS A TENTH, SEPARATE AND AFFIRMATIVE DEFENSE,
THE DEFENDANT ALLEGES:**

28.     That the Plaintiff's claims are barred, in whole or in part, because all decisions with

respect to Plaintiff's employment were made by Defendant for legitimate, nondiscriminatory and/or non pretextual reasons.

## AS AN ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, THE DEFENDANT ALLEGES:

29. That the Defendant did not commit the acts or omissions as alleged in the Complaint for discriminatory motives; but assuming that it did, such acts or omissions would have been taken in any event for legitimate, nondiscriminatory and/or non pretextual reasons.

## AS A TWELFTH, SEPARATE AND AFFIRMATIVE DEFENSE, THE DEFENDANT ALLEGES:

30. That the Plaintiff is estopped from pursuing the claims listed in the Complaint by reason of the Plaintiff's own actions and course of conduct.

## AS A THIRTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, THE DEFENDANT ALLEGES:

31. That the Plaintiff has waived her right, if any, to pursue the claims contained in the Complaint by reason of her own actions and course of conduct.

## AS A FOURTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, THE DEFENDANT ALLEGES:

32. That the Complaint is barred by the doctrine of unclean hands.

## AS A FIFTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, THE DEFENDANT ALLEGES:

33. That the Complaint, and each purported claim therein, is barred, in whole or in part, because Defendant exercised reasonable care to prevent and promptly correct any alleged discriminatory and/or retaliatory behavior.

## AS A SIXTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, THE DEFENDANT ALLEGES:

34. That the Complaint, and each purported claim therein, is barred, in whole or in part, because Plaintiff failed to take advantage of any preventative or corrective opportunities provided by the Defendant to avoid harm or otherwise.

### AS A SEVENTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, THE DEFENDANT ALLEGES:

35. That to the extent that any of the alleged wrongs were committed by others, any and all such claims are barred against Defendant in their entirety.

### AS AN EIGHTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, THE DEFENDANT ALLEGES:

36. That Plaintiff's claims are barred to the extent that the allegations contained herein do not reasonably fall within the scope of claims made in any administrative charge filed by the Plaintiff with the EEOC.

### AS A NINETEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, THE DEFENDANT ALLEGES:

37. That the training or employment policies utilized by the Defendant are lawful as they are job related and consistent with business necessity.

### AS A TWENTIETH, SEPARATE AND AFFIRMATIVE DEFENSE, THE DEFENDANT ALLEGES:

38. That the Defendant affirmatively asserts that it engaged in good faith efforts to comply with any and all laws.

### AS A TWENTY FIRST, SEPARATE AND AFFIRMATIVE DEFENSE, THE DEFENDANT ALLEGES:

39. That the Defendant's actions toward the Plaintiff were taken based upon bonafide occupational qualifications and requirements.

### AS A TWENTY SECOND, SEPARATE AND AFFIRMATIVE DEFENSE, THE DEFENDANT ALLEGES:

40. That the claims of discrimination/retaliation alleged by the Plaintiff in the Complaint were the result of acts and/or omissions done by third parties who were not employees of, nor under the care and/or control of, the Defendant.

### AS A TWENTY THIRD, SEPARATE AND AFFIRMATIVE DEFENSE, THE DEFENDANT ALLEGES:

41. That the Defendant exercised reasonable care to prevent and promptly correct any discriminatory retaliatory conduct, if any occurred.

### AS A TWENTY FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE, THE DEFENDANT ALLEGES:

42. That the Plaintiff unreasonably failed to properly take advantage of any preventative or corrective opportunities provided by the Defendant or to avoid harm otherwise.

### AS A TWENTY FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE, THE DEFENDANT ALLEGES:

43. That the Plaintiff is not a qualified individual with a disability as defined by Federal and State Law.

### AS A TWENTY SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE, THE DEFENDANT ALLEGES:

44. That the Plaintiff has failed to mitigate her damages.

### AS A TWENTY SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, THE DEFENDANT ALLEGES:

45. That Plaintiff's complaint contains allegations against individuals and/or entities which are not employees, agents, servants, departments, divisions or otherwise under the supervision or control of the Defendant, and as such, Defendant is not liable for their actions.

### AS A TWENTY EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE, THE DEFENDANT ALLEGES:

46. That the Defendant is not a proper party to this action.

*WHEREFORE*, the Defendant demands judgment:

(a) dismissing the Plaintiff's Complaint; or in the alternative,

(b) awarding its cost and disbursements incurred in the defense of this action; and

(c) awarding such other and further relief as this Court deems just and proper.

DATED: September 30, 2019

                                              s/ Christopher M. Mazur
                                              CRAIG H. JOHNSON
                                              Corporation Counsel and
                                                 Attorney for Defendant

*City of Niagara Falls*
By: CHRISTOPHER M. MAZUR
Deputy Corporation Counsel
Office and Post Office Address
745 Main Street
Niagara Falls, New York 14301
Telephone: (716) 286-4423
Email: Christopher.Mazur@niagarafallsny.gov

TO: Harvey P. Sanders
    Sanders & Sanders
    401 Maryvale Drive
    Cheektowaga, NY 14225

**CORPORATE VERIFICATION**

STATE OF NEW YORK        )
COUNTY OF NIAGARA       : SS.
CITY OF NIAGARA FALLS   )

      CHRISTOPHER M. MAZUR, being duly sworn, deposes and says that he is a Deputy Corporation Counsel of the City of Niagara Falls and an officer of the corporation CITY OF NIAGARA FALLS, NEW YORK in the above entitled action; that the forgoing VERIFIED ANSWER is true to the knowledge of the deponent, except as to the matters therein stated to be alleged upon information and belief, and as to those matters, he believes them to be true; that the reason why this verification is not made by the CITY OF NIAGARA FALLS, NEW YORK is because it is a corporation; that the grounds of deponent's belief as to all matters in said VERIFIED ANSWER not stated on his own knowledge are investigations deponent has caused to be made concerning the said matters of this action and information acquired by the deponent in the court of his duty as an officer of the corporation CITY OF NIAGARA FALLS, NEW YORK in this action.

                                                      s/ Christopher M. Mazur
                                                    CHRISTOPHER M. MAZUR

Subscribed and sworn to before me
this 30th day of September, 2019.

   s/ Thomas M. O'Donnell
Notary Public

      THOMAS M. O'DONNELL
         NOTARY PUBLIC
QUALIFIED IN NIAGARA COUNTY
 COMMISSION EXPIRES 04/30/2023